TERESA C. CHOW, SBN 237694
tchow@bakerlaw.com
MATTHEW PEARSON, SBN 294302
mpearson@bakerlaw.com
**BAKER & HOSTETLER LLP**
11601 Wilshire Boulevard , Suite 1400
Los Angeles, California  90025-0509
T: 310.820.8800 / F:   310.820.8859

DANIEL R. WARREN, *admitted pro hac vice*
dwarren@bakerlaw.com
THOMAS R. LUCCHESI, *admitted pro hac vice*
tlucchesi@bakerlaw.com
DAVID A. CARNEY, *admitted pro hac vice*
dcarney@bakerlaw.com
DOUGLAS L. SHIVELY, *admitted pro hac vice*
dshively@bakerlaw.com
**BAKER & HOSTETLER LLP**
127 Public Square, Suite 2000
Cleveland, Ohio 44114
T:  216.620.0200 / F:  216.696.0740

*Attorneys for Defendant*
KIMPTON HOTEL & RESTAURANT GROUP, LLC

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANDREW PARSONS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>KIMPTON HOTEL & RESTAURANT GROUP, LLC<br><br>Defendant. | Case No. 3:16-cv-05387-VC<br><br>Hon. Vince G. Chhabria<br><br>**[PROPOSED] ORDER REGARDING PRIVILEGE AND REDACTION DISPUTES** |

On January 26, 2018, pursuant to the Court's standing order, the parties filed a discovery letter setting forth three discovery disputes regarding privilege and redaction issues. The issues raised by the letter are: (1) whether Kimpton has waived the attorney-client privilege and attorney work-product protection over any document in this case merely by asserting a good-faith affirmative defense in its answer to plaintiff's second amended complaint, which defense does not reference or place at issue advice of counsel; (2) whether the separate, confidential forensics investigation performed by SecureWorks at the direction of counsel following the malware attack on Kimpton's payment card systems is protected from discovery by the attorney-work product doctrine; and (3) whether plaintiff is entitled to discover personal identifying information for individuals who are not parties to this case when this discovery is not necessary for the liability phase of this case. The Court finds Kimpton's positions as set forth in the letter to be well-taken and hereby ORDERS as follows:

1. Kimpton has not waived the attorney-client privilege or attorney work-product protection merely by asserting a good-faith affirmative defense in its answer to plaintiff's second amended complaint. Plaintiff has failed to show how the assertion of this affirmative defense has placed any privileged communications at issue. *See McKeen-Chaplin v. Provident Savings Bank, FSB*, 2015 WL 502697, at *2 (E.D. Cal. Feb. 5, 2015) (finding no waiver because "[d]efendant must support its good faith defense by citing the advice of counsel in order to put it in issue") (collecting cases).

2. The parallel forensics investigation SecureWorks performed on Kimpton's payment card systems following the malware attack is protected from discovery by the attorney-client privilege and the attorney work-product doctrine. Plaintiff has received Mandiant's Final PFI Report and documents related to Mandiant's report but is not entitled to discovery regarding SecureWorks' separate and confidential forensics investigation. *See In re Target Corp. Customer Data Sec. Breach Litig.*, 2015 WL 6777384, at *3 (D. Minn. Oct. 23, 2015) (holding parallel forensics investigation protected from discovery); *Genesco, Inc. v. Visa U.S.A., Inc.*, 302 F.R.D. 168, 190 (M.D. Tenn 2014) (same).

3. Kimpton has appropriately redacted personal information from customer call logs during the liability phase of the case. *Weidenhamer v. Expedia, Inc.*, 2015 WL 7158212, at *4 & n.5 (W.D. Wash. Nov. 13, 2015) (denying motion to compel where "disclosure of the specific PII in this case will involve more than the mere contact information at issue in other cases, but also their travel information").

1                                                 [~~PROPOSED~~] **ORDER**

2                                     IT IS SO ORDERED.

3

4 Date: ~~January~~ February 20 __, 2018

                                      HON. VINCE G. CHHABRIA
5                                       United States District Judge