UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW PARSONS,<br><br>       Plaintiff,<br><br>    v.<br><br>KIMPTON HOTEL & RESTAURANT GROUP, LLC,<br><br>       Defendant. | Case No. 16-cv-05387-VC<br><br>**ORDER DENYING MOTION FOR PRELIMINARY APPROVAL**<br><br>Re: Dkt. No. 89 |

      The motion for preliminary approval of the class settlement is denied, because the motion is seriously deficient in several respects. The motion is denied is without prejudice to being refiled. However, any renewed motion must address the following issues:

      First, the plaintiffs must explain how many people are expected to file claims (for instance, by describing settlements that resemble this one). The plaintiffs must also explain the expected recovery of the typical class member and how they arrived at that estimate. Moreover, the plaintiffs should better explain how many people's data were compromised by Kimpton hotels and restaurants. The numbers that plaintiffs' counsel mentioned at the hearing were absent from their preliminary approval papers. This information is necessary to evaluate whether the settlement is adequately structured to provide meaningful relief to the people whose personal information was compromised as a result of the data breach – and whose claims are being released as a result of this settlement.

      Relatedly, the parties must explain the estimated maximum exposure faced by Kimpton as a result of this data breach, and describe and justify the discount rate that was applied in arriving at the $600,000 settlement amount. In so doing, the parties must also explain why the

money is not going to a settlement fund so that any money that remains after the initial distribution of funds can be redistributed to class members or to a cy pres recipient. *See Procedural Guidance for Class Action Settlements*, U.S. District Court for the Northern District of California.

As discussed at the hearing, the proposed claim form appears inadequate as well. It's difficult to imagine that any rational person would take the time to gather the various documents needed to prove expenses incurred as a result of their personal information having been compromised – all for no more than (and likely much less than) $250 in reimbursement. In any renewed motion, the parties are encouraged to modify the claim form to address these concerns. If the parties choose instead to justify the claim form as it is written, they must provide detailed information about similar claim forms used in settlements like this one – including the actual claim forms approved in other settlements, information about the average recovery per class member in those settlements, and the percentage of class members who filed viable claim forms in those cases.

Although these are the most glaring issues with the motion for preliminary approval, they are not the only ones.

- The parties must explain what would qualify a class member to recover more than $250 under the exception for "extraordinary unreimbursed out-of-pocket monetary losses," and how many people might be expected to file claims that fall into this category.
- The parties must justify their notice plan, including why notice in *People* magazine and on certain websites is superior to other forms of notice used in data breach class settlements. The parties should consider explaining why these outlets are particularly likely to reach people who are likely to have visited Kimpton hotels or restaurants. The parties should also consider whether to list the Kimpton hotels and restaurants affected by the data breach in their various notices so that people who are not otherwise aware that they may be class members are informed about this settlement (and relatedly, put on notice that their personal information may have been compromised).

- The parties must provide a more robust explanation of how this settlement meets the requirements articulated in *In re Hyundai & Kia Fuel Economy Litigation*, 881 F.3d 679 (9th Cir. 2018).  Specifically, the parties should discuss their choice of law analysis in greater depth and explain why, in the absence of California law applying nationwide, differences in state laws do not preclude approval of this settlement.

- The settlement and notice should provide that the requirements for written objections may be excused upon a showing of good cause, pursuant to this Court's Civil Standing Order.  More generally, the plaintiffs must ensure that their renewed motion complies with both this Standing Order and the Northern District's Class Action Settlement Guidance.

The renewed motion for preliminary approval is due within 28 days of this order.  The parties are ordered to file the renewed motion on the docket and to submit it, along with each proposed notice, in Word document format to vcpo@cand.uscourts.gov.  This includes the Summary Email Notice and any short and long form notices that are part of the parties' notice plan.  The parties may exceed the page limits specified in this Court's Civil Standing Order if needed.

**IT IS SO ORDERED.**

Dated: July 12, 2018

VINCE CHHABRIA
United States District Judge