UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW PARSONS,<br><br>        Plaintiff,<br><br>     v.<br><br>KIMPTON HOTEL & RESTAURANT GROUP, LLC,<br><br>        Defendant. | Case No. 16-cv-05387-VC<br><br>**ORDER DENYING RENEWED MOTION FOR PRELIMINARY APPROVAL**<br><br>Re: Dkt. No. 98 |

      Following the hearing on the renewed motion for preliminary approval of the settlement, the Court has concluded, based on the unique facts of this case, including the prospective relief that would be obtained, that the basic structure of the settlement (a "claims made" settlement with a cap of $600,000, with Kimpton to pay only the amount claimed by members of the class) is reasonable. However, at the hearing, counsel for Kimpton asserted that the settlement is designed to fully compensate anyone who was injured as a result of the data breach. The Court disagrees, and finds that it is unreasonable to reimburse injured class members a mere $15 per hour for time spent protecting against identity theft. It is also unreasonable to cap the number of hours for which injured class members may seek reimbursement at three. The $15 hourly rate is <u>far</u> too low to fully compensate injured class members, and the three-hour cap will likely shortchange at least some subset of injured class members. Furthermore, following up on a discussion from the previous hearing, a casual reader would continue to interpret the notice to be sent to class members as requiring documentation to support expenses such as bank fees and postage charges. The notice could be re-worded to more clearly signal that these expenses may simply be described (with document submission being an alternative).

Finally, class counsel's anticipated request of $800,000 in attorney's fees and Kimpton's promise not to challenge that request is unjustified on the current record given the low expected participation rate in the settlement and the $600,000 cap.  *See In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 947-49 (9th Cir. 2011); *Staton v. Boeing Co.*, 327 F.3d 938, 964 (9th Cir. 2003).

For these reasons, the renewed motion for preliminary approval is denied.  *See Cotter v. Lyft, Inc.*, 193 F. Supp. 3d 1030, 1036-1037 (N.D. Cal. 2016); *Hunt v. VEP Healthcare, Inc.*, No. 16-cv-04790-VC, 2017 WL 3608297 (N.D. Cal. Aug. 22, 2017); *see also* Order Denying Motion for Preliminary Approval, *Parsons v. Kimpton Hotel & Restaurant Group, LLC*, 16-cv-05387-VC (July 12, 2018), Dkt. No. 96.  However, based on the materials submitted in support of both this motion and the prior one, if the parties file a renewed motion for preliminary approval that addresses these concerns, the Court will likely grant it.

**IT IS SO ORDERED.**

Dated: September 13, 2018

VINCE CHHABRIA
United States District Judge