# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW PARSONS, individually and on behalf of all others similarly situated,<br><br>            Plaintiffs,<br><br>v.<br><br>KIMPTON HOTEL & RESTAURANT GROUP, LLC<br><br>            Defendant. | Case No. 3:16-cv-05387-VC<br><br>Hon. Vince G. Chhabria<br><br>**[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Plaintiff Andrew Parsons and Defendant Kimpton Hotel & Restaurant Group, LLC ("Kimpton") have agreed to a settlement, the terms and conditions of which are set forth in an executed Settlement Agreement (the "Settlement"). The parties reached the Settlement through arm's-length negotiations following mediation. Under the Settlement, subject to the terms and conditions therein and subject to Court approval, Settlement Class Members are eligible to receive reimbursement of up to $250 (in total) for the following categories of out-pocket expenses resulting from the Security Incident: (i) unreimbursed bank fees; (ii) unreimbursed card reissuance fees; (iii) unreimbursed overdraft fees; (iv) unreimbursed charges related to unavailability of funds; (v) unreimbursed late fees; (vi) unreimbursed over-limit fees; (vii) long distance telephone charges; (viii) cell minutes (if charged by minute), Internet usage charges (if charged by the minute or by the amount of data usage and incurred solely as a result of the Security Incident), and text messages (if charged by the message and incurred solely as a result of the Security Incident); (ix) unreimbursed charges from banks or credit card companies; (x) postage; (xi) interest on payday loans due to card cancelation or due to over-limit situation; (xii) up to five hours of documented lost time spent dealing with replacement card issues or in reversing fraudulent charges or otherwise dealing with the Security Incident (calculated at the rate of $25.00 per hour); (xiii) an additional $15 payment for each credit or debit card on which document fraudulent charges were incurred that were later reimbursed, to compensate the claimant for lost time associated with seeking reimbursement for the fraud, but no documentation will be required for this benefit; (xiv) costs of credit report(s) purchased by Settlement Class Members between February 1, 2016 and the Claims Deadline (with affirmative statement by Settlement Class Member that it was purchased primarily because of the Security Incident); and (xv) costs of credit monitoring and identity theft protection (not to exceed $80.00) purchased by Settlement Class Members between February 1, 2016 and the Claims Deadline (with affirmative statement by Settlement Class Member that it was purchased primarily because of the Security Incident and not for other purposes, and with proof of purchase).

Class Members who had other extraordinary unreimbursed out-of-pocket monetary losses as a result of the Security Incident are eligible to make a claim for reimbursement of up to $10,000.00.

In exchange for these considerations, Plaintiff and the proposed Settlement Class would fully, finally, and forever resolve, discharge, and release their claims against Kimpton related to the Security

Incident, which resulted in unauthorized access to customer payment card data and in some instances cardholder name, without admission of liability by Kimpton. In addition, Kimpton has agreed to pay all fees and costs associated with providing notice to the Settlement Class and for administration of the Settlement. Subject to Court approval, Kimpton has also agreed to pay Class Counsel's attorneys' fees of up to $800,000, inclusive of reasonable costs and expenses, and an incentive award of $5,000 for the Representative Plaintiff. Such amounts will be paid separately by Kimpton and will not reduce the amount of payments to Class Members who submit valid claims.

The Settlement has been filed with the Court, and Plaintiff and Class Counsel filed an Unopposed Motion for Preliminary Approval of Class Settlement and for Certification of the Settlement Class (the "Motion"). Upon considering the Motion and exhibits thereto, the Settlement, the record in these proceedings, the representations and recommendations of Class Counsel, and the requirements of law, the Court finds that: (1) this Court has jurisdiction over the subject matter and parties to these proceedings; (2) for settlement purposes only, the proposed Settlement Class meets the requirements of Federal Rule of Civil Procedure 23 and should be certified; (3) the persons and entities identified below should be appointed Class Representative and Class Counsel; (4) the Settlement is the result of informed, good-faith, arm's-length negotiations between the parties and their capable and experienced counsel and is not the result of collusion; (5) the Settlement is within the range of reasonableness and should be preliminarily approved; (6) the proposed Notice Program and proposed forms of Notice satisfy Federal Rule of Civil Procedure 23 and constitutional due process requirements, and are reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Action, class certification, the terms of the Settlement, Class Counsel's application for an award of attorneys' fees, costs and expenses ("Fee Application") and request for Service Award for Plaintiff, and their rights to opt-out of the Settlement Class and object to the Settlement, Class Counsel's Fee Motion, and/or the request for Service Award for Plaintiff; (7) good cause exists to schedule and conduct a Final Approval Hearing, pursuant to Federal Rule of Civil Procedure 23(e), to assist the Court in determining whether to grant final approval of the Settlement and enter Final Judgment, and whether to grant Class Counsel's Fee Application and request for Service Award for Plaintiff; and (8) the other related matters pertinent to the preliminary approval of the Settlement should also be approved.

Based on the foregoing, **IT IS HEREBY ORDERED AND ADJUDGED** as follows:

1.      As used in this Order, capitalized terms shall have the definitions and meanings accorded to them in the Settlement.

2.      The Court has jurisdiction over the subject matter and parties to this proceeding pursuant to 28 U.S.C. § 1332.

3.      Venue is proper in this District.

**Provisional Class Certification and Appointment of Class Representatives and Class Counsel**

4.      The Court, having fully reviewed Plaintiff's Motion, the supporting Memorandum and Declarations filed in support thereof, determines that the Settlement appears to be the product of thorough, serious, informed, and non-collusive negotiations between experienced attorneys familiar with the legal and factual issues of this case; has no obvious deficiencies; does not improperly grant preferential treatment to the Settlement Class Representatives or segments of the Class; and appears to be fair, reasonable, and adequate within the meaning of Rule 23 of the Federal Rules of Civil Procedure, such that preliminary approval of the Settlement should be granted, notice of the Settlement should be directed to the Settlement Class Members, and a Fairness Hearing should be set. The Court preliminarily approves the Settlement, and the exhibits appended to the Motion, as fair, reasonable, and adequate. The Court finds that the Settlement was reached in the absence of collusion, and is the product of informed, good-faith, arm's-length negotiations between the parties, and their capable and experienced counsel under the supervision of a mediator. The Court further finds that the Settlement, including the exhibits appended to the Motion, is within the range of reasonableness and possible judicial approval, such that: (a) a presumption of fairness is appropriate for the purposes of preliminary settlement approval; and (b) it is appropriate to effectuate notice to the Settlement Class, as set forth below and in the Settlement, and schedule a Final Approval Hearing to assist the Court in determining whether to grant Final Approval to the Settlement and enter final judgment.

5.      The Court preliminarily finds that this Settlement complies with the Northern District of California's Procedural Guidance for Class Action Settlements and this Court's standard for preliminary approval of class action settlements. *See Cotter v. Lyft, Inc.*, 193 F. Supp. 3d 1030, 1035-37 (N.D. Cal. 2016). Furthermore, the Court finds, on a preliminary basis, that the Settlement appears to be within the

range of reasonableness of a settlement which could ultimately be given final approval by this Court, and that the Settlement is fair and reasonable to Settlement Class Members when balanced against the probable outcome of further litigation, liability and damages issues, and potential appeals of rulings.

6.    In deciding whether to provisionally certify a settlement class, a court must consider the same factors that it would consider in connection with a proposed litigation class — i.e., all Rule 23(a) factors and at least one subsection of Rule 23(b) must be satisfied — except that the Court need not consider the manageability of a potential trial, since the settlement, if approved, would obviate the need for a trial. *See Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

7.    The Court finds, for settlement purposes only, that the Federal Rule of Civil Procedure 23 factors are present and that certification of the proposed Settlement Class is appropriate under Rule 23. The Court, therefore, provisionally certifies the following Settlement Class:

> All residents of the United States whose Personal Information was compromised as a result of the malware attack publicly announced by Kimpton on August 31, 2016. The Settlement Class specifically excludes: (i) Kimpton and its officers and directors; (ii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iii) the Judge assigned to evaluate the fairness of this settlement; and (iv) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Security Incident or who pleads *nolo contendere* to any such charge.

8.    Specifically, the Court finds, for settlement purposes only, that the Settlement Class satisfies the following factors of Federal Rule of Civil Procedure 23:

(a)    <u>Numerosity</u>: In the Action there are more than 150,000 Class members across the United States. Their joinder is impracticable. Thus, the Rule 23(a)(1) numerosity requirement is met. *See* Fed. R. Civ. P. 23(a)(1); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998).

(b)    <u>Commonality</u>: The bar for proving commonality is met when there is at least one issue whose resolution will affect all or a significant number of the putative class members. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). Here, the commonality requirement is satisfied for settlement purposes because there are many questions of law and fact common to the Settlement Class regarding Kimpton's Security Incident. *See* Fed. R. Civ. P. 23(a) (2). There are multiple questions of law and fact that center on whether Kimpton was culpable in failing to prevent the Security Incident, which are common to the Settlement Class.

(c)     Typicality: Plaintiff is typical of absent Settlement Class Members because he was subjected to the same Kimpton conduct, had his information placed at risk in the same manner as all Class members, and because he will also benefit from the relief provided by the Settlement. Rule 23(a)(3) is therefore satisfied. *See Just Film, Inc. v. Buono*, 847 F.3d 1108, 1118 (9th Cir. 2017) ("it is sufficient for typicality if the plaintiff endured a course of conduct directed against the class").

(d)     Adequacy: Adequacy under Rule 23(a)(4) relates to: (1) whether the proposed class representative has interests antagonistic to the Settlement Class; and (2) whether the proposed class counsel has the competence to undertake the litigation at issue. *Staton v. Boeing Co.,* 327 F.3d 938, 957 (9th Cir. 2003) (adequacy satisfied if plaintiffs and their counsel lack conflicts of interest and are willing to prosecute the action vigorously on behalf of the class). Rule 23(a)(4) is satisfied here because there are no conflicts of interest between the Plaintiff and the Settlement Class, and Plaintiff has retained competent counsel to represent him and the Settlement Class. Class Counsel here regularly engage in consumer class litigation and other complex litigation similar to the present Action, and have dedicated substantial resources to prosecuting the Action. Moreover, the Plaintiff and Class Counsel have vigorously and competently represented the Settlement Class Members' interests in the Action.

(e)     Predominance and Superiority: Rule 23(b)(3) is satisfied for settlement purposes, as well, because the common legal and alleged factual issues here predominate over individualized issues, and resolution of the common issues for thousands of Settlement Class Members in a single, coordinated proceeding is superior to many individual lawsuits addressing the same legal and factual issues. With respect to predominance, Rule 23(b)(3) requires that "the questions of law or fact common to class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3); *see Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1022 (9th Cir. 1998). Based on the record currently before the Court, the predominance requirement is satisfied here for settlement purposes because common questions present a significant aspect of the case and because class-wide relief can fairly be provided for all Settlement Class Members through a single common judgment.

9.     The Court appoints the following person as Class Representative: Andrew Parsons.

10.    The Court appoints the following persons and entities as Class Counsel who shall be

responsible for handling all Settlement-related matters on behalf of Plaintiff and the Settlement Class:

> John A. Yanchunis, as Lead Class Counsel
> Marisa Glassman, as Class Counsel
> MORGAN & MORGAN
> COMPLEX LITIGATION GROUP
> 201 N. Franklin Street, 7th Floor
> Tampa, FL 33602
> Telephone: 813-223-5402
>
> Michael F. Ram, as Class Counsel
> ROBINS KAPLAN LLP
> 2440 West El Camino Real, Suite 100
> Mountain View, CA 94040
> Telephone: 650-784-4040

**Approval of Notice and Notice Program and Direction to Effectuate Notice**

11.     The Court approves the form and content of the Notice to be provided to the Settlement Class, substantially in the forms appended as Exhibits A through D to the Settlement Agreement. The Court further finds that the Notice Program, described in Section 4 of the Settlement, is the best practicable under the circumstances. The Notice Program is reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Action, class certification, the terms of the Settlement, and their rights to opt-out of the Settlement Class and object to the Settlement, Class Counsel's fee request, and the request for Service Award for Plaintiff. The Notice and Notice Program constitute sufficient notice to all persons entitled to notice. The Notice and Notice Program satisfy all applicable requirements of law, including, but not limited to, Federal Rule of Civil Procedure 23 and the constitutional requirement of due process.

12.     The Court directs that Epiq Systems, Inc. serve as the Settlement Administrator.

13.     The Settlement Administrator shall implement the Notice Program, as set forth below and in the Settlement, using substantially the forms of Notice appended as Exhibits A through D to the Settlement Agreement and approved by this Order. Notice shall be provided to the Settlement Class Members pursuant to the Notice Program, as specified in Section 4 of the Settlement and approved by this Order.

14.     The Settlement Administrator shall administer the Notice Program.

15.     Notice shall be provided to Settlement Class Members in the following manner: Direct notice shall be provided to the approximately 150,000 Settlement Class Members for whom physical addresses or email addresses are available. For individuals for whom Kimpton has an email address, notice shall be made to that email address. If the email message is returned as undeliverable, then notice shall be made via a double-postcard with a detachable claim form that includes business return mail postage. Where Kimpton does not have an email address for a Settlement Class Member, but only a physical address, notice shall also be sent via a mailed postcard. For the remaining Settlement Class Members, notice shall be provided by publication. This publication notice shall take two forms: First, an advertisement in People Magazine. The People Magazine notice shall be in black and white and encompass approximately one-third of a magazine page. Second, the publication notice shall also be made via online Internet banners through Facebook, the Google Display Network, and the Yahoo! Ad Network, for a period of 31 days.

16.     As set forth in the Settlement, the Notice Program shall commence within 30 days of the Preliminary Approval Order and shall be completed within 45 days of the Preliminary Approval Order.

17.     Within seven days after the date the Settlement Administrator completes the Notice Program, the Settlement Administrator shall provide Lead Class Counsel and Kimpton's counsel an affidavit that confirms that the Notice Program was completed in a timely manner. Lead Class Counsel shall file such affidavit with the Court in conjunction with Plaintiff's Motion for Final Approval of the Settlement.

18.     All fees and costs associated with the Notice Program shall be paid by Kimpton, as set forth in the Settlement.

**Settlement Website and Toll-Free Settlement Line**

19.     The Settlement Administrator shall establish a Settlement Website as a means for Settlement Class Members to obtain notice of, and information about, the Settlement. The Settlement Website shall be established as soon as practicable following Preliminary Approval, but no later than 30 days of the Preliminary Approval Order. The Settlement Website shall include hyperlinks to the

7

Settlement, the Long Form Notice, this Order, and such other documents as Lead Class Counsel and counsel for Kimpton agree to post or that the Court orders posted on the Settlement Website. These documents shall remain on the Settlement Website at least until Final Approval.

20. The Settlement Administrator shall establish and maintain a toll-free telephone line for Settlement Class Members to call with Settlement-related inquiries, and shall answer the questions of Settlement Class Members who call with or otherwise communicate such inquiries.

21. Epiq Systems, Inc. is directed to perform all other responsibilities under the Notice Program assigned to the Settlement Administrator in the Settlement.

22. Epiq Systems, Inc. is directed to perform all other responsibilities under the Notice Program assigned to the Notice Administrator in the Settlement.

**Final Approval Hearing, Opt-Outs, and Objections**

23. The Court directs that a Final Approval Hearing shall be scheduled to assist the Court in determining whether to grant Final Approval to the Settlement and enter the Final Approval Order and Judgment, and whether Class Counsel's Fee Application and request for a Service Award for Plaintiff should be granted.

24. The Court directs that any person within the Settlement Class definition who wishes to be excluded from the Settlement Class may exercise his or her right to opt-out of the Settlement Class by following the opt-out procedures set forth in the Long Form Notice at any time during the Opt-Out-Period for the Settlement. To be valid and timely, opt-out requests must be postmarked no later than one hundred twenty (120) days after the date on which the Notice Program commences and must be mailed to the address indicated in the Long Form Notice.

The Opt-Out Deadline established under Section 5.1 of the Settlement Agreement shall be specified in the Mailed Notice, Long Form Notice, and Settlement Website. All persons within the Settlement Class definition who do not timely and validly opt-out of the Settlement Class shall be bound by all determinations and judgments in the Action concerning the Settlement, including, but not limited to, the Releases set forth in Section 7 of the Settlement if the Settlement is finally approved.

25. The Court further directs that any person in the Settlement Class who does not opt-out of the Settlement Class may object to the Settlement, Class Counsel's Motion seeking an award for

attorneys' fee, cost and expenses, and/or the request for Service Award for Plaintiff. Any such objections must be mailed to the Clerk of the Court, at the address indicated in the Long Form notice. For an objection to be considered by the Court, the objection must be postmarked no later than the Opt-Out Deadline of one hundred twenty (120) days from the date on which the Notice Program commences and must include the following information:

26.     The objection must state: (i) your full name, address, telephone number, and e-mail address (if any); (ii) information identifying you as a Settlement Class Member, including proof that you are a member of the Settlement Class (e.g., copy of notice, copy of original notice of the Security Incident); (iii) a written statement of all grounds for the objection, accompanied by any legal support for the objection that you believe is applicable; (iv) the identity of all counsel representing you; (v) the identity of all counsel representing you who will appear at the Final Fairness Hearing; (vi) a list of all persons who will be called to testify at the Final Fairness Hearing in support of the objection; (vii) a statement confirming whether you intend to personally appear and/or testify at the Final Fairness Hearing; (viii) your signature and the signature of your duly authorized attorney or other duly authorized representative (along with documentation setting forth such representation); (ix) a list, by case name, court, and docket number, of all other cases in which you (directly or through counsel) have filed an objection to any proposed class action settlement within the last 3 years; (x) a list, by case name, court, and docket number, of all other cases in which your counsel (on behalf of any person or entity) has filed an objection to any proposed class action settlement within the last 3 years; and (xi) a list, by case name, court, and docket number, of all other cases in which you have been a named plaintiff in any class action or served as a lead plaintiff or class representative.  The Court will only require substantial compliance with the requirements for submitting an objection.

It shall not be required that an objector who files an objection appear at the final hearing. An objection shall be deemed to have been submitted when mailed, provided it is received with a postmark date indicated on the envelope within one hundred twenty (120) days from the date on which the Notice Program commences, mailed first-class postage prepaid, and addressed in accordance with the instructions in the Settlement and Long Form Notice.

[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS SETTLEMENT
AND CERTIFYING SETTLEMENT CLASS
Case No. 3:16-cv-05387-VC

**Further Papers in Support of Settlement and Fee Application**

27.     Plaintiff and Class Counsel shall file the petition for award of attorneys' fees and reimbursement of expenses, at least 30 days before the deadline for objecting to the Settlement.

28.     Plaintiff and Class Counsel shall file submissions in support of the Settlement at least 14 days before the Final Approval Hearing.

29.     Plaintiff and Class Counsel shall file any reply in support of an award of attorneys' fees and reimbursement of expenses at least 7 days before the Final Approval Hearing.

**Effect of Failure to Approve the Settlement or Termination**

30.     In the event the Settlement is not approved by the Court, or for any reason the Parties fail to obtain a Final Approval Order and Judgment as contemplated in the Settlement, or the Settlement is terminated pursuant to its terms for any reason, then the following shall apply:

(a)     All orders and findings entered in connection with the Settlement shall become null and void and have no further force and effect, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in any other proceeding;

(b)     All of the Parties' respective pre-Settlement claims and defenses will be preserved;

(c)     Nothing contained in this Order is, or may be construed as, any admission or concession by or against Kimpton or Plaintiff on any point of fact or law; and

(d)     Neither the Settlement terms nor any publicly disseminated information regarding the Settlement, including, without limitation, the Notice, court filings, orders and public statements, may be used as evidence. In addition, neither the fact of, nor any documents relating to, either party's withdrawal from the Settlement, any failure of the Court to approve the Settlement, and/or any objections or interventions may be used as evidence.

**Stay/Bar of Other Proceedings**

31.     All proceedings in the Action are hereby stayed until further order of the Court, except as may be necessary to implement the terms of the Settlement. Pending final determination of whether the Settlement should be approved, Plaintiff, all persons in the Settlement Class, and persons purporting to act on their behalf are enjoined from commencing or prosecuting (either directly, representatively, or in any other capacity) against any of the Released Parties any action or proceeding in any court asserting

1   any of the Released Claims.

2       32.     Based on the foregoing, the Court sets the following schedule for the Final Approval

3   Hearing and the actions which must precede it:

4       (i)     The Settlement Administrator shall establish the Settlement Website and toll-free

5               telephone line as soon as practicable following Preliminary Approval, but no later than

6               thirty (30) days after the date of this order;

7       (ii)    The Settlement Administrator shall complete the Mailed Notice Program no later than

8               thirty days after the date of this order;

9       (iii)   Settlement Class Members must file any objections to the Settlement no later than one

10              hundred twenty (120) days from the date on which the Notice Program commences;

11      (iv)    Settlement Class Members must file requests for exclusion from the Settlement no later

12              than one hundred twenty (120) days from the date on which the Notice Program

13              commences;

14      (v)     Plaintiff and Class Counsel shall file their responses to timely filed objections to

15              Settlement no later than 14 days before Final Approval Hearing;

16      (vi)    If Kimpton chooses to file a response to timely filed objections to Settlement, it shall do

17              so no later than 14 days before Final Approval Hearing;

18      (vii)   Plaintiff and Class Counsel shall file their Motion for Final Approval of the Settlement

19              no later than 14 days before the Final Approval Hearing;,

20      (viii)  Plaintiff and Class Counsel shall file their Request for Service Award for Plaintiff and

21              Motion seeking an award of Attorneys' Fees, Costs and Expenses at least 30 days before

22              the deadline for objecting to the Settlement; and

23      (ix)    The Final Approval Hearing will be held on ____June____ 20, 2019, at 10:00 am

24              a.m./p.m. in Courtroom 4 – 17th Floor of the San Francisco Courthouse, 450 Golden

25              Gate Avenue, San Francisco, CA 94102.

26

27

28

1
2
3          **[PROPOSED] ORDER**
4          IT IS SO ORDERED.
5
6  Date:   1/9/2019     , 2018
7                                                    HON. VINCE G. CHHABRIA
                                                     United States District Judge
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28