**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANDREW PARSONS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>KIMPTON HOTEL & RESTAURANT GROUP, LLC<br><br>Defendant. | Case No. 3:16-cv-05387-VC<br><br>Hon. Vince G. Chhabria<br><br>**[PROPOSED] ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |

Plaintiff Andrew Parsons and Defendant Kimpton Hotel & Restaurant Group, LLC ("Kimpton") have agreed to a settlement, the terms and conditions of which are set forth in an executed Settlement Agreement (the "Settlement"). The parties reached the Settlement through arm's-length negotiations following mediation. Under the Settlement, subject to the terms and conditions therein and subject to Court approval, Settlement Class Members are eligible to receive reimbursement of up to $250 (in total) for the following categories of out-pocket expenses resulting from the Security Incident: (i) unreimbursed bank fees; (ii) unreimbursed card reissuance fees; (iii) unreimbursed overdraft fees; (iv) unreimbursed charges related to unavailability of funds; (v) unreimbursed late fees; (vi) unreimbursed over-limit fees; (vii) long distance telephone charges; (viii) cell minutes (if charged by minute), Internet usage charges (if charged by the minute or by the amount of data usage and incurred solely as a result of the Security Incident), and text messages (if charged by the message and incurred solely as a result of the Security Incident); (ix) unreimbursed charges from banks or credit card companies; (x) postage; (xi) interest on payday loans due to card cancelation or due to over-limit situation; (xii) up to five hours of documented lost time spent dealing with replacement card issues or in reversing fraudulent charges or otherwise dealing with the Security Incident (calculated at the rate of $25.00 per hour); (xiii) an additional $15 payment for each credit or debit card on which document fraudulent charges were incurred that were later reimbursed, to compensate the claimant for lost time associated with seeking reimbursement for the fraud, but no documentation will be required for this benefit; (xiv) costs of credit report(s) purchased by Settlement Class Members between February 1, 2016 and the Claims Deadline (with affirmative statement by Settlement Class Member that it was purchased primarily because of the Security Incident); and (xv) costs of credit monitoring and identity theft protection (not to exceed $80.00) purchased by Settlement Class Members between February 1, 2016 and the Claims Deadline (with affirmative statement by Settlement Class Member that it was purchased primarily because of the Security Incident and not for other purposes, and with proof of purchase).

Class Members who had other extraordinary unreimbursed out-of-pocket monetary losses as a result of the Security Incident are eligible to make a claim for reimbursement of up to $10,000.00.

In exchange for these considerations, Plaintiff and the proposed Settlement Class would fully, finally, and forever resolve, discharge, and release their claims against Kimpton related to the Security

Incident, which resulted in unauthorized access to customer payment card data and in some instances cardholder name, without admission of liability by Kimpton. In addition, Kimpton has agreed to pay all fees and costs associated with providing notice to the Settlement Class and for administration of the Settlement. Subject to Court approval, Kimpton has also agreed to pay Class Counsel's attorneys' fees of up to $800,000, inclusive of reasonable costs and expenses, and a service award of $5,000 for the Representative Plaintiff. Such amounts will be paid separately by Kimpton and will not reduce the amount of payments to Class Members who submit valid claims.

The Settlement has been filed with the Court, and Plaintiff and Class Counsel filed an Unopposed Motion for Final Approval of Class Settlement and for Certification of the Settlement Class (the "Motion"). Upon considering the Motion and exhibits thereto, the Settlement, the record in these proceedings, the representations and recommendations of Class Counsel, and the requirements of law, the Court finds that: (1) this Court has jurisdiction over the subject matter and parties to these proceedings; (2) for settlement purposes only, the proposed Settlement Class meets the requirements of Federal Rule of Civil Procedure 23 and is certified; (3) the persons and entities identified below should be appointed Class Representative and Class Counsel; (4) the Settlement is the result of informed, good-faith, arm's-length negotiations between the parties and their capable and experienced counsel and is not the result of collusion; (5) the Settlement is fair, reasonable, and adequate and is finally approved; (6) the Notice Program and forms of Notice satisfied Federal Rule of Civil Procedure 23 and constitutional due process requirements, and were reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Action, class certification, the terms of the Settlement, Class Counsel's application for an award of attorneys' fees, costs and expenses ("Fee Application") and request for Service Award for Plaintiff, and their rights to opt-out of the Settlement Class and object to the Settlement, Class Counsel's Fee Motion, and/or the request for Service Award for Plaintiff; and (7) the other related matters pertinent to the final approval of the Settlement should also be approved.

Based on the foregoing, **IT IS HEREBY ORDERED AND ADJUDGED** as follows:

1. As used in this Order, capitalized terms shall have the definitions and meanings accorded to them in the Settlement.

2. The Court has jurisdiction over the subject matter and parties to this proceeding pursuant

1  to 28 U.S.C. § 1332.

2      3.    This Court also has jurisdiction to approve the Settlement's release of claims by Settlement Class Members over which the Court has jurisdiction, even if the Court would not independently have jurisdiction over those released claims. S*ee Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 748 (9th Cir. 2006) (quoting *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1287-88 (9th Cir. 1992) ("[A] federal court may release not only claims alleged in the complaint, but also state claims arising from the same nucleus of operative facts over which the court would not have jurisdictional competence.")).

    4.    Venue is proper in this District.

**Final Settlement Approval, Class Certification, and Appointments**

    5.    The Court, having fully reviewed Plaintiff's Motion, the supporting Memorandum and Declarations filed in support thereof, and for the reasons stated in the Preliminary Approval Order, determines that the Settlement is the product of thorough, serious, informed, and non-collusive negotiations between experienced attorneys familiar with the legal and factual issues of this case; does not improperly grant preferential treatment to the Settlement Class Representatives or segments of the Class; and is fair, reasonable, and adequate within the meaning of Rule 23 of the Federal Rules of Civil Procedure, such that final approval of the Settlement should be granted. The Court finally approves the Settlement as fair, reasonable, and adequate. The Court finds that the Settlement was reached in the absence of collusion, and is the product of informed, good-faith, arm's-length negotiations between the parties, and their capable and experienced counsel under the supervision of a mediator.

    6.    Pursuant to Rule 23(e), the Court further finds and determines that the terms of the Settlement are fair, reasonable, and adequate to, and in the best interests of, the Class Representative and each Settlement Class Member and is consistent and in compliance with all requirements of due process and federal law. The Court finds that Settlement Class Members who have not opted out will be bound by the Settlement, that the Settlement is ordered finally approved, and that all terms and provisions of the Settlement should be and hereby are ordered to be consummated. The Court specifically finds that the Settlement is rationally related to the strength of Plaintiff's claims given the risk, expense, complexity, and duration of further litigation, liability and damages issues, and potential appeals of rulings. This Court also finds that the Settlement is the result of arms'-length negotiations between experienced counsel

representing the interests of the Settlement Class Members, Class Representative and Kimpton, under the supervision of an experienced and independent third-party mediator, after thorough factual and legal investigation.

7. The Court finds that this Settlement complies with the Northern District of California's Procedural Guidance for Class Action Settlements.

8. The Court finds, for settlement purposes only, that the Federal Rule of Civil Procedure 23 factors are present and that certification of the Settlement Class is appropriate under Rule 23. The Court, therefore, certifies the following Settlement Class:

> All residents of the United States whose Personal Information was compromised as a result of the malware attack publicly announced by Kimpton on August 31, 2016. The Settlement Class specifically excludes: (i) Kimpton and its officers and directors; (ii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iii) the Judge assigned to evaluate the fairness of this settlement; and (iv) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Security Incident or who pleads *nolo contendere* to any such charge.

9. Specifically, the Court finds, for settlement purposes only, that the Settlement Class satisfies the following factors of Federal Rule of Civil Procedure 23:

(a) <u>Numerosity</u>: In the Action there are more than 150,000 Class members across the United States. Their joinder is impracticable. Thus, the Rule 23(a)(1) numerosity requirement is met. *See* Fed. R. Civ. P. 23(a)(1); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998).

(b) <u>Commonality</u>: The bar for proving commonality is met when there is at least one issue whose resolution will affect all or a significant number of the putative class members. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). Here, the commonality requirement is satisfied for settlement purposes because there are many questions of law and fact common to the Settlement Class regarding Kimpton's Security Incident. *See* Fed. R. Civ. P. 23(a) (2). There are multiple questions of law and fact that center on whether Kimpton was culpable in failing to prevent the Security Incident, which are common to the Settlement Class.

(c) <u>Typicality</u>: Plaintiff is typical of absent Settlement Class Members because he was subjected to the same Kimpton conduct, had his information placed at risk in the same manner as all Class members, and because he will also benefit from the relief provided by the Settlement. Rule 23(a)(3) is

therefore satisfied. *See Just Film, Inc. v. Buono*, 847 F.3d 1108, 1118 (9th Cir. 2017) ("it is sufficient for typicality if the plaintiff endured a course of conduct directed against the class").

(d) Adequacy: Adequacy under Rule 23(a)(4) relates to: (1) whether the proposed class representative has interests antagonistic to the Settlement Class; and (2) whether the proposed class counsel has the competence to undertake the litigation at issue. *Staton v. Boeing Co.,* 327 F.3d 938, 957 (9th Cir. 2003) (adequacy satisfied if plaintiffs and their counsel lack conflicts of interest and are willing to prosecute the action vigorously on behalf of the class). Rule 23(a)(4) is satisfied here because there are no conflicts of interest between the Plaintiff and the Settlement Class, and Plaintiff has retained competent counsel to represent him and the Settlement Class. Class Counsel here regularly engage in consumer class litigation and other complex litigation similar to the present Action and have dedicated substantial resources to prosecuting the Action. Moreover, Plaintiff and Class Counsel have vigorously and competently represented the Settlement Class Members' interests in the Action.

(e) Predominance and Superiority: Rule 23(b)(3) is satisfied for settlement purposes, as well, because the common legal and alleged factual issues here predominate over individualized issues, and resolution of the common issues for thousands of Settlement Class Members in a single, coordinated proceeding is superior to many individual lawsuits addressing the same legal and factual issues. With respect to predominance, Rule 23(b)(3) requires that "the questions of law or fact common to class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3); *see Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1022 (9th Cir. 1998). Based on the record currently before the Court, the predominance requirement is satisfied here for settlement purposes because common questions present a significant aspect of the case and because class-wide relief can fairly be provided for all Settlement Class Members through a single common judgment.

10. The Court confirms as final the appointment of Plaintiff Andrew Parsons as the Class Representative.

11. The Court confirms as final the appointment of the following persons and entities as Class Counsel who shall be responsible for handling all Settlement-related matters on behalf of Plaintiff and the Settlement Class:

        John A. Yanchunis, as Lead Class Counsel
        MORGAN & MORGAN
        COMPLEX LITIGATION GROUP
        201 N. Franklin Street, 7th Floor
        Tampa, FL 33602
        Telephone: 813-223-5402

        Michael F. Ram, as Class Counsel
        ROBINS KAPLAN LLP
        2440 West El Camino Real, Suite 100
        Mountain View, CA 94040
        Telephone: 650-784-4040

**Final Approval of Notice and Notice Program and Appointment of Administrator**

12.    Pursuant to the Preliminary Approval Order, the notice documents were sent to Settlement Class Members by email or by first-class mail, and further notice was achieved via publication in People magazine, internet banner notices, and internet sponsored search listings. The Court finds that the manner and form of notice (the "Notice Program") set forth in the Settlement Agreement was provided to Settlement Class Members. The Court finds that the Notice Program, as implemented, was the best practicable under the circumstances. The Notice Program was reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Action, class certification, the terms of the Settlement, and their rights to opt-out of the Settlement Class and object to the Settlement, Class Counsel's fee request, and the request for Service Award for Plaintiff. The Notice and Notice Program constituted sufficient notice to all persons entitled to notice. The Notice and Notice Program satisfy all applicable requirements of law, including, but not limited to, Federal Rule of Civil Procedure 23 and the constitutional requirement of due process.

13.    Pursuant to CAFA, within 10 days after the filing of the motion seeking preliminary approval of the Settlement, Kimpton served upon the Attorney General of the United States and the appropriate state officials of the states in which the Settlement Class Members reside a notice of the Settlement consisting of: a copy of the complaint and any amended complaints in this action, including any materials filed with the complaints; a notice of the scheduled preliminary approval hearing in this class action; copies of the Settlement; the proposed Notice; and a chart providing estimates of the number

1  of Settlement Class Members in each state. This Final Approval Order is being entered at least 90 days
2  after the latest of the dates on which the appropriate federal and state officials were served with the notice
3  of proposed settlement. The Court finds and determines that Kimpton's notice of Settlement was timely,
4  adequate, and compliant with the statutory requirements of CAFA. Accordingly, 28 U.S.C. § 1715(e) has
5  no application to the Settlement.

6  14.   The Court finally confirms appointment of Epiq Systems, Inc. as the Settlement
7  Administrator.

8  15.   All fees and costs associated with the Notice Program shall be paid by Kimpton, as set
9  forth in the Settlement.

10  16.  Epiq Systems, Inc. is directed to perform all responsibilities assigned to the Settlement
11  Administrator in the Settlement.

12  17.  The Court finally confirms appointment of Bruce A. Friedman as the Claims Referee, and
13  directs him to perform all responsibilities assigned to the Claims Referee in the Settlement.

14  **Final Approval Hearing, Opt-Outs, and Objections**

15  18.  The Court held a Final Approval Hearing on July 11, 2019, to consider the fairness,
16  reasonableness, and adequacy of the Settlement and was advised that no objections were received.

17  19.  The Court finds that the following Settlement Class Members filed valid requests for
18  exclusion, and their rights shall not be affected by the Settlement, and they shall not receive any of the
19  benefits of the Settlement:

20  a. Harry Wilson
21  b. Trina Daily
22  c. Sven Walter
23  d. Eunike Pranoto
24  e. Lawrence Kennedy

25  20.  Upon entry of this Order, the remaining Settlement Class Members, and all and each of
26  them, are hereby bound by the terms set forth in the Settlement Agreement.

27  **Post-Distribution Accounting**

28  21.  Plaintiff and Class Counsel shall, within 21 days after the distribution of the settlement

funds, file a Post-Distribution Accounting, as described in the Northern District's Procedural Guidance for Class Action Settlements, informing the Court about the administration of the settlement.

22. The Post-Distribution Accounting shall describe when payments were made to class members, the number of members who were sent payments, the total amount of money paid out to members, the average and median recovery per class member, the largest and smallest amount paid to class members, the number and value of cashed and uncashed checks, any significant or recurring concerns communicated by members to the settlement administrator and counsel since final approval, any other issues in settlement administration since final approval, and how any concerns or issues were resolved.

23. 10% of the total amount of attorneys' fees granted below shall be withheld until after the Post-Distribution Accounting has been filed. Amounts awarded for costs and expenses need not be withheld. The Post-Distribution Accounting shall also include a proposed order authorizing release of the remainder of the fee.

**Attorneys' Fees, Costs, and Expenses, and Class Representative Service Award**

24. Class Counsel attest to performing substantial work on behalf of the Settlement Class Members, totaling at least 2,543.45 hours valued at $1,503,101.90 in lodestar as of May 7, 2019; which does not include time spent preparing the Motion for Final Approval or attending the Final Approval Hearing, or any future work, such as defending appeals, if any. "Under Ninth Circuit law, the district court has discretion in common fund cases to choose either the percentage-of-the-fund or the lodestar method." *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002); *In re Bluetooth Headset Products Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011).

25. The Court finds that the lodestar method is proper here. *See Fischel v. Equitable Life Assur. Soc'y of U.S.*, 307 F.3d 997, 1007 (9th Cir. 2002) ("There is a strong presumption that the lodestar figure represents a reasonable fee."). The Court further finds the hours worked by Class Counsel to be reasonably incurred for the benefit of the Settlement Class Members. Class Counsel's hourly rates are reasonable considering the market for legal services of this type and quality. The Court confirms as final the appointment of Lead Class Counsel and Class Counsel, as noted above. The Court finds that Class Counsel have capably and effectively represented the Settlement Class Members' interests. The Court finds and determines that the payment of $ 661,582.24 in attorneys' fees—representing a "negative" multiplier of

0.44 based upon Class Counsel's lodestar—and $ 138,417.76 in litigation costs and expenses, for a total payment of $800,000.00 to Class Counsel, is fair and reasonable, especially in light of their commendable work on this case. The Court finds that all costs and expenses were necessarily and reasonably incurred.

26. The Court confirms as final the appointment of Andrew Parsons as Class Representative of the Settlement Class. The Court finds that the Class Representative has adequately represented the Settlement Class for purposes of litigating this matter and entering into and implementing the Settlement. The Court finds that the Class Representative Service Award, in addition to any payments to which he may be entitled under the Settlement, is fair and reasonable. The Court approves the $5,000 Service Award to the Class Representative as fair and reasonable. The payment shall be made to the Class Representative separate from the Settlement Fund in accordance with the terms of the Settlement.

**Release**

27. The Court has reviewed the releases in sections 1.21, 1.29, and 7.1 of the Settlement and finds it to be fair, reasonable, and enforceable under Rule 23 and all other applicable law.

**Effect of Failure to Approve the Settlement or Termination**

28. In the event the Settlement does not reach its Effective Date or otherwise become Final, or the Settlement is terminated pursuant to its terms for any reason, this Final Approval Order will be automatically vacated upon notice to the Court, and the following shall apply:

(a) All orders and findings entered in connection with the Settlement shall become null and void and have no further force and effect, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in any other proceeding;

(b) All of the Parties' respective pre-Settlement claims and defenses will be preserved;

(c) Nothing contained in this Order is, or may be construed as, any admission or concession by or against Kimpton or Plaintiff on any point of fact or law; and

(d) Neither the Settlement terms nor any publicly disseminated information regarding the Settlement, including, without limitation, the Notice, court filings, orders and public statements, may be used as evidence. In addition, neither the fact of, nor any documents relating to, either party's withdrawal from the Settlement, and/or any objections or interventions may be used as evidence.

**Final Judgement and Dismissal**

29. By means of this Final Approval Order, this Court hereby enters final judgment in this action, as defined in Federal Rule of Civil Procedure 58(a)(1).

30. Without affecting the finality of the Court's judgment in any way, the Court retains jurisdiction over the Named Plaintiffs, the Settlement Class and Kimpton as to all matters concerning the administration, consummation and enforcement of the Settlement Agreement. Nothing in this Final Approval Order will preclude any action to enforce the Parties' obligations under the Settlement or under this order, including the requirement that Kimpton make the settlement payments in accordance with the terms of the Settlement.

31. The Parties are hereby ordered to comply with the terms of the Settlement. The Parties, without further approval from the Court, may mutually agree to and adopt such amendments, modifications and expansions of the Settlement Agreement as: (i) shall be consistent in all material respects with this Order; and (ii) do not limit the rights of Settlement Class Members.

32. This Action is dismissed on the merits and with prejudice, each side to bear its own costs and attorneys' fees except as provided by the Settlement and the Court's orders.

**[PROPOSED] ORDER**

IT IS SO ORDERED.

Date: _____, 2019

_____
HON. VINCE G. CHHABRIA
United States District Judge